IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES FARRIS,**

    **Petitioner,**

**v.**                                         **Case No. 3:18cv68**
                                                            **(GROH)**

**MICHAEL MARTIN, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On May 4, 2018, the *pro se* Petitioner, James Farris, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. ECF No. 1. On July 23, 2018, he filed his petition on the court approved form. ECF No. 11. The Petitioner was granted leave to proceed *in forma pauperis*. ECF No. 16. Pursuant to the provision of 28 U.S.C. § 636(b)(11)(b), and LR PL P 2, the undersigned is authorized to review such petition for relief and submit findings and recommendations to the District Court.

### II. Background[1]

In December of 1998, a Jefferson County Circuit Court jury found the Petitioner guilty of four counts of sexual assault in the second degree. The Petitioner was sentenced to three consecutive terms of 10 to 25 years in the penitentiary on Counts 1,

---

[1] The information in this section was taken from a prior § 2254 petition filed with this Court. See 3:03cv66. Although the Petitioner makes no mention of this previously filed § 2254 petition, it is appropriate for this District Court take judicial notice of the Petitioner's prior case. See Philips v. Pitt. Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"). Colonial Penn Ins. V. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1

2, and 3 and 10-25 years on Count 34, to run concurrently with the sentence imposed on Count 3, for a total sentence of not less than 30 years and not more than 75 years.

The Petitioner filed a petition for appeal from his conviction and sentence. The petition for appeal was refused on September 18, 1997.

On April 13, 1999, the Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Jefferson County. The circuit court denied the petition on its merits on October 24, 2000. The Petitioner then filed a petition for appeal with the West Virginia Supreme Court of Appeals. The petition was refused on June 1, 2001.

On October 3, 2003, the Petitioner filed a Petition under 28 U.S.C. § 2254, which was assigned Civil Action No. 3:03cv66. The Petitioner raised the following grounds in support of his petition: (1) not competent to stand trial; (2) ineffective assistance of counsel; (3) lack of legal knowledge; (4) partially illiterate; and (5) insufficient evidence to support guilty verdict of sexual assault. On July 2, 2004, United States Magistrate Judge Seibert entered a Report and Recommendation that the petition was untimely under the one-year statute of limitation period established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In addition, Magistrate Judge Seibert concluded that the Petitioner was not entitled to equitable tolling. Accordingly, he recommended that the petition be denied and dismissed with prejudice as being untimely. On October 6, 2004, The Honorable W. Craig Broadwater, United States District Judge, considered the Petitioner's objections, and after conducting a *de novo* review, adopted the Report and Recommendation. It was therefore ordered that the petition be denied and dismissed with prejudice.

### III. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the petition. The review was conducted pursuant to the procedural requirements of 28 U.S.C. § 1915, AEDPA, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Willaims, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr, 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This Court is charged with screening the Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. Analysis

The passage of the ADEPA amended 28 U.S.C. § 2254 and other habeas statutes:

> The ADEPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. See Felker v. Turpin, 518 U.S. 651 … (1966). Under the AEDPA, an

3

> individual may not file a second or successive § 2254 petition for writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping mechanism created by the AEDPA amended 2254(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 3 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(c); see §§ 2244(b)(3)(B), (D).

Felker, 516 U.S. at 657.

The instant action qualifies as a second or successive § 2254 action because the Petitioner's first 2254 action filed in this Court in 2003, pertaining to the same conviction, was decided on the merits. See Henderson v. Bazzle, Civil Action No. 9:09-978-MBS-GCK, 2008 WL 1908535, at 3 (D.S.C. April 29, 2008) (For a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). See also Quezada v. Smith, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that a dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)"); In re Flowers, 595 F.3d 304 (5th Cir. 2009) (deciding that when first § 2254 petition was dismissed as time-barred, later petition is successive); Altaian v. Benik, 337 F.3d 764, 765 (7th Cir. 2003) (holding that "previous untimely petition does count as a prior application under § 2244 (b)").

4

Although 28 U.S.C. § 2244(b)(2) provides that in some circumstances a petitioner may bring a second or successive § 2254 action, that statute permits a court of appeals to determine whether to authorize a successive petition. Therefore, the United States Court of Appeals for the Fourth Circuit, not this District Court, is the proper tribunal to decide whether to authorize a successive § 2254. See United States v. Winestock, 340 F.3d 200, 205-06 (4th Cir. 2003). Because the Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this petition, this Court does not have jurisdiction to consider it.

## V.  Recommendation

For the reasons set forth above, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright

v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the Magistrate Judge association with this case

DATED: August 22, 2018.

                    */s Robert W. Trumble*
                    ROBERT W. TRUMBLE
                    UNITED STATES MAGISTRATE JUDGE